UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
ANDRES ZAMORA RAMIREZ, on behalf of
himself and all others similarly situated,

                      Plaintiff,

-against-

EAST RIVER RESTAURANT GROUP, LTD.
(D/B/A ELEVEN B), THE MATADOR RESTAURANT
GROUP, INC. (D/B/A GUAC), AND
VINCENT A. SGARLATO,

                      Defendants.
----------------------------------------X

Case No. 19-CV-02534
(JPO)

**ANSWER TO COMPLAINT**

      Defendants EAST RIVER RESTAURANT GROUP, LTD. (D/B/A ELEVEN B), THE MATADOR RESTAURANT GROUP, INC. (D/B/A GUAC), AND VINCENT A. SGARLATO, (collectively referred to as "Defendants") by their attorneys, Allyn & Fortuna LLP, submit their Answer to the Complaint (the "Complaint") brought by Plaintiff ANDRES ZAMORA RAMIREZ (hereinafter "Plaintiff") as follows:

### AS TO NATURE OF THE ACTION

    1.    Defendants deny the truth of each allegation contained in Paragraph "1" of the Complaint, except admit that Plaintiff is a former employee of defendant Eleven B and on occasion performed work at defendant Guac.

    2.    Defendants deny the truth of each allegation contained in Paragraph "2" of the Complaint.

    3.    Defendants deny the truth of each allegation contained in Paragraph "3" of the Complaint.

    4.    Defendants deny the truth of each allegation contained in Paragraph "4" of

1

the Complaint, except admit that Plaintiff was initially employed as a delivery person and dishwasher and subsequently began working in food preparation.

     5.     Defendants deny the truth of each allegation contained in Paragraph "5" of the Complaint.

     6.     Defendants deny the truth of each allegation contained in Paragraph "6" of the Complaint.

     7.     Defendants deny the truth of each allegation contained in Paragraph "7" of the Complaint.

     8.     Defendants deny the truth of each allegation contained in Paragraph "8" of the Complaint.

     9.     Defendants deny the truth of each allegation contained in Paragraph "9" of the Complaint.

     10.     Defendants deny the truth of each allegation contained in Paragraph "10" of the Complaint.

     11.     Defendants deny the truth of each allegation contained in Paragraph "11" of the Complaint.

     12.     Defendants deny the truth of each allegation contained in Paragraph "12" of the Complaint.

     13.     Defendants deny the truth of each allegation contained in Paragraph "13" of the Complaint.

     14.     Defendants deny the truth of each allegation contained in Paragraph "14" of the Complaint but admit that Plaintiff asserts those claims in the Complaint.

15. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "15" of the Complaint and respectfully refer all questions of whether Plaintiff is entitled to bring this action as a collective action pursuant to 29 U.S.C. § 216(b) to this Court for determination.

## JURISDICTION AND VENUE

16. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "16" of the Complaint and respectfully refer all questions of subject matter and supplemental jurisdiction to this Court for determination.

17. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "17" of the Complaint and respectfully refer all questions about proper venue under 28 U.S.C. § 1391 (b) and (c) to this Court for determination.

## PARTIES

### (Plaintiff)

18. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "18" of the Complaint.

19. Defendants deny the truth of each allegation contained in Paragraph "19" of the Complaint.

20. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "20" of the Complaint and respectfully refer all questions of Plaintiff's eligibility to bring these claims as a representative party under FLSA, 29 U.S.C. § 216(b) to this Court for determination.

**(Defendants)**

21.    Defendants deny the truth of the allegations contained in Paragraph "21" of the Complaint.

22.    Defendants admit the truth of the allegations contained in Paragraph "22" of the Complaint.

23.    Defendants admit the truth of the allegations contained in Paragraph "23" of the Complaint.

24.    Defendants deny the truth of the allegations contained in Paragraph "24" of the Complaint except admit that defendant Vincent Sgarlato has an ownership interest in the Corporate Defendants.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

25.    Defendants deny the truth of the allegations contained in Paragraph "25" of the Complaint except admit that defendant Eleven B operates an Italian Restaurant in Manhattan and that Defendant Guac operates a Mexican Restaurant in Manhattan.

26.    Defendants admit the truth of the allegations contained in Paragraph "26" of the Complaint.

27.    Defendants deny the truth of the allegations contained in Paragraph "27" of the Complaint.

28.    Defendants deny the truth of the allegations contained in Paragraph "28" of the Complaint.

29.    Defendants deny the truth of the allegations contained in Paragraph "29" of the Complaint.

30. Defendants deny the truth of the allegations contained in Paragraph "30" of the Complaint.

31. Defendants deny the truth of the allegations contained in Paragraph "31" of the Complaint.

32. Defendants deny the truth of the allegations contained in Paragraph "32" of the Complaint.

33. Defendants deny the truth of the allegations contained in Paragraph "33" of the Complaint.

34. Defendants deny the truth of the allegations contained in Paragraph "34" of the Complaint.

35. Defendants deny the truth of the allegations contained in Paragraph "35" of the Complaint.

*Individual Plaintiff*

36. Defendants deny the truth of the allegations contained in Paragraph "36" of the Complaint.

37. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "37" of the Complaint.

*Plaintiff Andres Zamora Ramirez*

38. Defendants deny the truth of the allegations contained in Paragraph "38" of the Complaint except admit that Plaintiff worked at defendant Eleven B and, on occasion, worked at defendant Guac.

39. Defendants deny the truth of the allegations contained in Paragraph "39" of the Complaint.

40. Defendants deny the truth of the allegations contained in Paragraph "40" of the Complaint.

41. Defendants deny the truth of the allegations contained in Paragraph "41" of the Complaint.

42. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "42" of the Complaint.

43. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "43" of the Complaint.

44. Defendants deny the truth of the allegations contained in Paragraph "44" of the Complaint.

45. Defendants deny the truth of the allegations contained in Paragraph "45" of the Complaint.

46. Defendants deny the truth of the allegations contained in Paragraph "46" of the Complaint.

47. Defendants deny the truth of the allegations contained in Paragraph "47" of the Complaint.

48. Defendants deny the truth of the allegations contained in Paragraph "48" of the Complaint.

49. Defendants deny the truth of the allegations contained in Paragraph "49" of the Complaint.

50. Defendants deny the truth of the allegations contained in Paragraph "50" of the Complaint.

51. Defendants deny the truth of the allegations contained in Paragraph "51" of the Complaint.

52. Defendants deny the truth of the allegations contained in Paragraph "52" of the Complaint.

53. Defendants deny the truth of the allegations contained in Paragraph "53" of the Complaint.

54. Defendants deny the truth of the allegations contained in Paragraph "54" of the Complaint.

55. Defendants deny the truth of the allegations contained in Paragraph "55" of the Complaint.

56. Defendants deny the truth of the allegations contained in Paragraph "56" of the Complaint.

57. Defendants deny the truth of the allegations contained in Paragraph "57" of the Complaint.

58. Defendants deny the truth of the allegations contained in Paragraph "58" of the Complaint.

59. Defendants deny the truth of the allegations contained in Paragraph "59" of the Complaint.

60. Defendants deny the truth of the allegations contained in Paragraph "60" of the Complaint.

61. Defendants deny the truth of the allegations contained in Paragraph "61" of the Complaint.

62. Defendants deny the truth of the allegations contained in Paragraph "62" of the Complaint.

*Defendants' General Employment Practices*

63. Defendants deny the truth of the allegations contained in Paragraph "63" of the Complaint.

64. Defendants deny the truth of the allegations contained in Paragraph "64" of the Complaint.

65. Defendants deny the truth of the allegations contained in Paragraph "65" of the Complaint.

66. Defendants deny the truth of the allegations contained in Paragraph "66" of the Complaint.

67. Defendants deny the truth of the allegations contained in Paragraph "67" of the Complaint.

68. Defendants deny the truth of the allegations contained in Paragraph "68" of the Complaint.

69. Defendants deny the truth of the allegations contained in Paragraph "69" of the Complaint.

70. Defendants deny the truth of the allegations contained in Paragraph "70" of the Complaint.

71. Defendants deny the truth of the allegations contained in Paragraph "71" of the Complaint.

72. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "72" of the Complaint and refer all questions regarding 12 N.Y.C.R.R. §§ 137-3.3 and 137-3.4 and 29 C.F.R. § 531.56 (e) to this Court for determination.

73. Defendants deny the truth of the allegations contained in Paragraph "73" of the Complaint.

74. Defendants deny the truth of the allegations contained in Paragraph "74" of the Complaint.

75. Defendants deny the truth of the allegations contained in Paragraph "75" of the Complaint.

76. Defendants deny the truth of the allegations contained in Paragraph "76" of the Complaint.

77. Defendants deny the truth of the allegations contained in Paragraph "77" of the Complaint.

78. Defendants deny the truth of the allegations contained in Paragraph "78" of the Complaint.

79. Defendants deny the truth of the allegations contained in Paragraph "79" of the Complaint.

80. Defendants deny the truth of the allegations contained in Paragraph "80" of the Complaint.

81. Defendants deny the truth of the allegations contained in Paragraph "81" of the Complaint.

82. Defendants deny the truth of the allegations contained in Paragraph "82" of the Complaint.

83. Defendants deny the truth of the allegations contained in Paragraph "83" of the Complaint.

84. Defendants deny the truth of the allegations contained in Paragraph "84" of the Complaint.

85. Defendants deny the truth of the allegations contained in Paragraph "85" of the Complaint.

### FLSA COLLECTIVE ACTION CLAIMS

86. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "86" of the Complaint and refer all questions regarding FLSA Section 16(b), 29 U.S.C. § 216(b) to the Court.

87. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "87" of the Complaint.

88. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "88" of the Complaint

### FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

89. Defendants reallege and incorporate by reference their answers to paragraphs "1" to "88" of the Complaint as if set forth herein.

90. Defendants deny the truth of the allegations set forth in Paragraph "90" of the Complaint and respectfully refer all questions regarding the applicability of the FLSA, 29 U.S.C. § 203(d).

91. Defendants deny the truth of the allegations contained in Paragraph "91" of the Complaint.

92. Defendants deny the truth of the allegations contained in Paragraph "92" of the Complaint except admit that defendant Eleven B and defendant Guac are independently engaged in an industry affecting commerce.

93. Defendants deny the truth of the allegations contained in Paragraph "93" of the Complaint.

94. Defendants deny the truth of the allegations contained in Paragraph "94" of the Complaint.

95. Defendants deny the truth of the allegations contained in Paragraph "95" of the Complaint.

96. Defendants deny the truth of the allegations contained in Paragraph "96" of the Complaint.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

97. Defendants reallege and incorporate by reference their answers to paragraphs "1" to "96" of the Complaint as if set forth herein.

98. Defendants deny the truth of the allegations contained in Paragraph "98" of the Complaint.

99. Defendants deny the truth of the allegations contained in Paragraph "99" of the Complaint.

100. Defendants deny the truth of the allegations contained in Paragraph "100" of the Complaint.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

101.   Defendants reallege and incorporate by reference their answers to paragraphs "1" to "100" of the Complaint as if set forth herein.

102.   With respect to the allegations set forth in Paragraph "102" of the Complaint, Defendants respectfully refer all questions regarding the definition of employer under N.Y. Lab. Law §§ 2 and 651 to this Court for determination.

103.   Defendants deny the truth of the allegations contained in Paragraph "103" of the Complaint.

104.   Defendants deny the truth of the allegations contained in Paragraph "104" of the Complaint.

105.   Defendants deny the truth of the allegations contained in Paragraph "105" of the Complaint.

106.   Defendants deny the truth of the allegations contained in Paragraph "106" of the Complaint.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

107.   Defendants reallege and incorporate by reference their answers to paragraphs "1" to "106" of the Complaint as if set forth herein.

108.   Defendants deny the truth of the allegations contained in Paragraph "108" of the Complaint.

109.   Defendants deny the truth of the allegations contained in Paragraph "109" of the Complaint.

110. Defendants deny the truth of the allegations contained in Paragraph "110" of the Complaint.

## FIFTH CAUSE OF ACTION

### VIOLAITON OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

111. Defendants reallege and incorporate by reference their answers to paragraphs "1" to "110" of the Complaint as if set forth herein.

112. Defendants deny the truth of the allegations contained in Paragraph "112" of the Complaint.

113. Defendants deny the truth of the allegations contained in Paragraph "113" of the Complaint.

114. Defendants deny the truth of the allegations contained in Paragraph "114" of the Complaint.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

115. Defendants reallege and incorporate by reference their answers to paragraphs "1" to "114" of the Complaint as if set forth herein.

116. Defendants deny the truth of the allegations contained in Paragraph "116" of the Complaint.

117. Defendants deny the truth of the allegations contained in Paragraph "117" of the Complaint.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

118.  Defendants reallege and incorporate by reference their answers to paragraphs "1" to "117" of the Complaint as if set forth herein.

119.  Defendants deny the truth of the allegations contained in Paragraph "119" of the Complaint.

120.  Defendants deny the truth of the allegations contained in Paragraph "120" of the Complaint.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

121.  Defendants reallege and incorporate by reference their answers to paragraphs "1" to "120" of the Complaint as if set forth herein.

122.  Defendants deny the truth of the allegations contained in Paragraph "122" of the Complaint.

123.  Defendants deny the truth of the allegations contained in Paragraph "123" of the Complaint.

## AS TO PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to recover the relief sought in Plaintiff's "Prayer for Relief" under subparagraphs "A" through "S".

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim against Defendants based upon failure to pay minimum wage to Plaintiff and collective members in violation of The Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. The Complaint fails to state a cause of action against Defendants for failure to pay minimum wages in violation of New York Labor Law ("NYLL") and supporting regulations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3. The Complaint fails to state a cause against Defendants for failure to provide proper wage statements in violation of the NYLL Section 190 et seq.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4. The Complaint fails to state a cause of action against Defendants pursuant to NYLL for failure to provide proper annual notices under NYLL Article 6 Section 195 (1) and supporting regulations

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5. The Complaint fails to state a cause of action against Defendants pursuant to NYLL for failure to provide accurate wage statements under NYLL Article 6 Section 195 (3) and supporting regulations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6. The Complaint fails to state any cause of action upon which relief may be granted.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7. The Complaint fails to state a cause of action against Defendants for failure to pay overtime wages in violation of the FLSA and NYLL and supporting regulations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

8. The Complaint fails to state a cause of action against Defendants for unlawfully taking a tip credit.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

9. Any acts or omissions on the part of Defendants, which Defendants deny occurred, were in good faith, and Defendants had reasonable grounds for believing that any such act or omission was not a violation of any applicable law and/or regulation, including the NYLL and/or FLSA.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

10. The Complaint fails to state a claim upon which either pre-judgment or post-judgment interest, liquidated damages or attorney's fees may be awarded.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff was paid properly under all applicable labor laws, wage and hour laws and regulations.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims are barred, in whole or in part, by the de minimis doctrine.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, estoppel, waiver, release and/or equitable defenses.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff's claims are barred, in whole or in part, by doctrine of unclean hands.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff cannot establish a willful violation under the NYLL.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims under the New York Labor Law may not be maintained because Plaintiff was paid properly pursuant to New York Labor Laws and the applicable regulations of the New York State Department of Labor.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

17. Vincent A. Sgarlato is not and was not an "employer" within the meaning of the FLSA and NYLL during the periods alleged in the Complaint, in whole or in part.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

18. Vincent A. Sgarlato has no personal liability under the legal theories alleged in whole and/or in part.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

19. Plaintiff is not entitled to equitable relief insofar as he has an adequate remedy at law.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

20. To the extent Plaintiff seeks injunctive relief, they are not entitled to a trial by jury on such claims.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

21. This Court should decline to exercise supplemental jurisdiction over the state law claims under 28 U.S.C. §§ 1367 et seq.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Defendants never required Plaintiff, at his own cost, to purchase and maintain "tools of the trade" in violation of FLSA and/or NYLL. If any equipment was required to be used it was provided and maintained by Defendants.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

23. The Complaint is barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. The Complaint fails to state a claim of willful violations under the FLSA.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. The Complaint is barred by the doctrine of accord and satisfaction.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. Plaintiff cannot demonstrate that he was not properly compensated by Defendants in violation of the FLSA, New York Labor Law and/or other applicable laws.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. Defendants compensated Plaintiff for all hours under the FLSA, New York Labor Law and/or other applicable laws.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. Defendants compensated Plaintiff for all spread-of-hours payments that became due and owing to Plaintiff.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     Defendants' actions, if any, were not willful, without justification, or in violation of the duty of good faith and fair dealing and were taken on reasonable grounds and with the reasonable belief that they were in compliance with the FLSA and NYLL.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

30.     EAST RIVER RESTAURANT GROUP, LTD. d/b/a ELEVEN B and THE MATADOR RESTAURANT GROUP, INC. d/b/a GUAC are two wholly independent entities, at all times, operating separately and independently from each other.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     Plaintiff cannot demonstrate that EAST RIVER RESTAURANT GROUP, LTD. d/b/a ELEVEN B and THE MATADOR RESTAURANT GROUP, INC. d/b/a GUAC engaged in any common scheme, practice or policy.

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

32.     Plaintiff cannot demonstrate that EAST RIVER RESTAURANT GROUP, LTD. d/b/a ELEVEN B and THE MATADOR RESTAURANT GROUP, INC. d/b/a GUAC engaged in any common scheme, practice or policy that violates the FLSA, NYLL or applicable regulations.

### AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

33.     The Complaint is barred, in whole or in part, because it requests relief which exceeds that available under applicable law.

### AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.     Plaintiff did not work all scheduled hours.

## AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.     In addition to the foregoing defenses, Defendants retain the right to amend their Answer to raise additional affirmative and other defenses or pursue any available counterclaims against Plaintiff or any putative class member who joins this action as those claims become known during this litigation.

WHEREFORE, Defendants EAST RIVER RESTAURANT GROUP, LTD. d/b/a ELEVEN B and THE MATADOR RESTAURANT GROUP, INC. d/b/a GUAC and VINCENT A. SGARLATO respectfully request that this Court issue a judgment in favor of the Defendants as follows:

(a) dismissing the Complaint in its entirety with prejudice;

(b) requiring Plaintiff to pay Defendants' costs and disbursements in this action, including their reasonable attorney's fees; and,

(c) for other such and further relief as the Court deems just, equitable and proper.

Dated: May 17, 2019
       New York, New York

                                        **ALLYN & FORTUNA LLP**

                                By:     _____
                                        Nicholas Fortuna
                                        Paula Lopez
                                        *Attorneys for Defendants*
                                        1010 Avenue of the Americas, 3rd Floor.
                                        New York, New York  10018
                                        (212) 213-8844
                                        (212) 213-3318 (fax)

To:     **MICHAEL FAILLACE & ASSOCIATES**
        Michael Faillace
        *Attorneys for Plaintiffs*
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        Tel: (212) 317-1200
        Fax (212) 317-1620